CONNELL FOLEY LLP
Thomas J. O'Leary
Eric R. Suggs
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500 (Office)
(973) 535-9217 (Facsimile)
Attorneys for Plaintiff, Werner Deconstruction, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

WERNER DECONSTRUCTION, LLC

          Plaintiff,

          v.

SITEWORKS SERVICES NY, INC., THOMAS
GARBETT, and JOHN DOES 1-10 (fictitious
defendants who participated in the diversion/
conversion of funds owned by Werner
Deconstruction, LLC),

          Defendants.

_____

Civil Action No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Werner Deconstruction, LLC ("Werner Deconstruction"), by and through its

attorneys Connell Foley LLP, by way of Complaint against the Defendants says:

## THE PARTIES

1.      Werner Deconstruction is a limited liability company organized and existing

under the laws of the State of Texas with a principal place of business located at 919 Milam

Street, Suite 2300, Houston Texas 77002. None of the members of Werner Deconstruction is a

citizen of the State of New York.

3488514-3

2.      Defendant Siteworks Services NY, Inc. ("SSNY") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 192 Strawtown Road, New City, New York 10956.

3.      Upon information and belief, Defendant Thomas Garbett ("Garbett") is an officer of SSNY and resides in the State of New York.

4.      Defendants John Does 1-10 are fictitious names for any person whose identify is presently unknown to Plaintiff who participated in the diversion and/or conversion of funds owned by Werner Deconstruction.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction is proper in this Court as the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332 because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds seventy five thousand ($75,000.00) dollars.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the events giving rise to disputes occurred in New Jersey.

## FACTS COMMON TO ALL COUNTS

7.      On February 6, 2015, Werner Deconstruction and SSNY entered into a Debris Removal Services Agreement (the "Contract").

8.      Pursuant to the Contract, SSNY agreed to remove a certain demolition debris pile (hereinafter the "Demolition Debris Pile") from the Werner Generating Station in South Amboy, New Jersey (the "Project").

9.      Thereafter, SSNY, upon information and belief, entered into a subcontract with Minerva Enterprises, LLC ("Minerva Enterprises") for the purpose of transporting debris from the Project to a landfill that was licensed to accept material contaminated with asbestos.

10.      Upon information and belief, SSNY also entered into a subcontract with Ani & Joe Abatement Demolition, LLC ("Ani & Joe Abatement") to provide asbestos abatement services in connection with the removal of the Demolition Debris Pile from the Project.

11.      The Demolition Debris Pile at the Project contained approximately 20,000 tons of material that was, among other things, contaminated with asbestos.

12.      Pursuant to the Contract, SSNY agreed that it would use its "best efforts" to complete its work within ten (10) weeks of the effective date (i.e., February 6, 2015) of the Contract and that it would perform the work "to completion."

13.      In exchange for SSNY's services, Werner Deconstruction agreed to pay SSNY at a rate of $112/ton for "Truck/Transport & Disposal," $6/ton for "On Site Material Handling," and $280/Load for "Container Liner & Lining."  Werner Deconstruction made these payments to SSNY by wiring funds to a certain bank account that had been opened by SSNY (hereinafter the "Pre-Payment Account").

14.      On February 6, 2015, Werner Deconstruction wired an initial $100,000.00 payment to the Pre-Payment Account in accordance with Article 6 of the Contract.

15.      Pursuant to Article 6 of the Contract, Werner Deconstruction and SSNY agreed that the initial $100,000.00 payment was "to be used exclusively for prepayment by Contractor to the Landfill, Contractor for loads, and for services as outlined in Exhibit 'A'" to the Contract.

16.      Pursuant to Article 6 of the Contract, SSNY and Werner Deconstruction also agreed that additional payments would be wired by Werner Deconstruction to the Pre-Payment

Account, which were to "be used by Contractor solely and specifically for Contractor's performance of the Work as set forth in Exhibit 'A' [to the Contract], and for no other purpose."

17.     Pursuant to Article 6 paragraph 2 of the Contract, SSNY agreed that it would submit invoices to Werner Deconstruction on a weekly basis.  SSNY further agreed that its invoices would include an estimate of the amount of debris to be loaded and transported for the upcoming week as well as, among other things, the costs that SSNY anticipated would be incurred to remove and to transport the debris to a Landfill during the upcoming week.

18.     Pursuant to Article 6 subparagraph 3 of the Contract, SSNY agreed that it would submit statements to Werner Deconstruction weekly, which would report SSNY's actual costs for the work performed "and an accounting balance sheet and statement from the Landfill Contractor for paid loads, which will include load manifests for the previous week."

19.     Pursuant to Article 6 paragraph 4 of the Contract, Werner Deconstruction agreed to pay SSNY's invoices by wiring funds to the Pre-Payment Account within two (2) days of receiving an invoice from SSNY.

20.     Between February 13, 2015 and May 26, 2015 and at the request of SSNY, Werner Deconstruction wired $2,314,904.96 to the Pre-Payment Account maintained by SSNY pursuant to the aforementioned contractual provisions.

21.     As of May 26, 2015, the total amount that had been wired to the Pre-Payment account by Werner Deconstruction in accordance with the Contract was $2,414,904.96.

22.     In or around May 2015, Werner Deconstruction discovered that, contrary to SSNY's express representations and promises, SSNY failed to pay Minerva Enterprises for all of the debris that it removed from the Project.  Werner Deconstruction learned that SSNY, in order to induce Werner Deconstruction to make additional payments to SSNY, submitted invoices to

Werner Deconstruction that misrepresented the status of payments that had been made by SSNY for the removal of Demolition Debris Pile from the Project.

23.     In or around September 2015, Werner Deconstruction discovered that, contrary to SSNY's express representations and promises, SSNY failed to pay Ani & Joe Abatement for all of the asbestos abatement services that it performed at the Project.

**COUNT ONE**
**(Breach of Contract )**
(As to Defendant SSNY)

24.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

**A.      SSNY's Failure to Complete Its Work Under the Contract.**

25.     Pursuant to Article 3A of the Contract, SSNY agreed that it would perform all of the Work required under the Contract to completion.

26.     SSNY breached Article 3A of the Contract by failing to remove the entirety of the Demolition Debris Pile from the Werner Generating Station and by, on or about June 29, 2015, abandoning the Project.

27.     SSNY has not informed Werner Deconstruction of a valid basis for its refusal to complete all of its work under the Contract.

28.     As a direct, proximate, and foreseeable result of the aforesaid breach of contract by SSNY, Werner Deconstruction has been forced to engage another contractor (hereinafter the "Completion Contractor") to finish SSNY's scope of work.

29.     Werner Deconstruction has incurred, and will continue to incur, substantial costs in having the Completion Contractor finish the work. These costs would not have been incurred by Werner Deconstruction if SSNY had completed its work in accordance with the Contract.

30.     As of the date of the filing of this Complaint, Werner Deconstruction estimates that it will incur $99,791.06 in additional costs in having the Completion Contractor finish SSNY's scope of work.

**B.    SSNY's Failure to Pay Subcontractors.**

31.     Between February 5, 2015 and May 21, 2015, SSNY issued 14 invoices to Werner Deconstruction pursuant to Article 6 of the Contract.

32.     The total of the aforesaid invoices was $2,414,904.96.

33.     Relying on the invoices received from SSNY and pursuant to its obligations under Article 6 of the Contract, Werner Deconstruction wired 14 pre-payments to the Pre-payment Account so that SSNY could remove the Demolition Debris Pile from the Project in accordance with the Contract.  The total amount of the pre-payments made by Werner Deconstruction to SSNY was $2,414,904.96.

34.     Pursuant to paragraph 6 of the Contract, SSNY agreed that the 14 pre-payments by Werner Deconstruction would be used to, among other things, pay Minerva Enterprises for removing debris from the Project and disposing the debris at a landfill that was licensed to accept material contaminated with asbestos.  SSNY also agreed that the 14 pre-payments would be used to pay Ani & Joe Abatement for asbestos abatement services that it performed in connection with the removal of the Demolition Debris Pile.

35.     Between February 5, 2015 and May 21, 2015, Minerva Enterprises, upon information and belief, issued invoices to SSNY totaling $1,460,704.97.

36.     Between February 5, 2015 and May 21, 2015, SSNY, upon information and belief, only paid Minerva Enterprises $1,220,000.00 from the funds that it had received from Werner Deconstruction.

37.    Even though it had received sufficient funds from Werner Deconstruction, SSNY, upon information and belief, failed to pay Minerva Enterprises $240,704.97.

38.    SSNY breached Article 6 of the Contract by failing to use the funds that had been wired by Werner Deconstruction to pay Minerva Enterprises for all of the debris that had been removed from the Project and transported to a landfill.

39.    Between May 2014 and June 2015, Ani & Joe Abatement, upon information and belief, issued invoices to SSNY totaling $355,373.88.

40.    Upon information and belief, SSNY only paid Ani & Joe Abatement $336,365.88 from the funds that had been received from Werner Demolition.

41.    Even though it had received sufficient funds from Werner Deconstruction, SSNY, upon information and belief, failed to pay Ani & Joe Abatement $19,008.00 for asbestos abatement services that it performed between May 25, 2015 and June 26, 2015.

**C.    SSNY's Failure to Indemnify for Construction Lien Claims by Minerva Enterprises and Ani & Joe Abatement.**

42.    On July 13, 2015, Minerva Enterprises filed a Construction Lien Claim in the amount of $240,704.97 against the Project in the Office of the Clerk of Middlesex County in Book No. 49, Page No. 0176.

43.    On September 22, 2015, Ani & Joe Abatement filed a Construction Lien Claim in the amount of $19,008.00 against the Project in the Office of the Clerk of Middlesex County in Book No. 49, Page No. 0492.

44.    Pursuant to Paragraph 9 of the Contract, SSNY is obligated to defend, to indemnify and to hold Werner Deconstruction harmless from the construction lien claims filed by Minerva Enterprises and Ani & Joe Abatement.

45.     SSNY breached paragraph 9 of the Contract by failing to defend, to indemnify, and to hold Werner Deconstruction harmless from the Construction Lien Claims filed by Minerva Enterprises and Ani & Joe Abatement.

46.     As a direct, proximate, and foreseeable result of the aforesaid breach of contract by SSNY, Werner Deconstruction has incurred, and will continue to incur, substantial attorneys' fees and costs in engaging legal counsel to represent NRG REMA LLC in defending against the construction lien claims filed by Minerva Enterprises and Ani & Joe Abatement in a lawsuit captioned NRG REMA LLC, et al. v. Creative Environmental Solutions Corp., et al., Docket No. MID-L-3587-15, which is pending the Superior Court of New Jersey.

**D.     SSNY's Failure to Refund Pre-Payments Made By Werner Deconstruction.**

47.     As of May 29, 2015, SSNY had a balance of $179,716.83 in the Pre-Payment Account.

48.     Between May 29, 2015 and June 2015, the Project generated 1,952.45 tons of debris, which by Werner Deconstruction's calculations would have caused $70,725.95 to be paid from the Pre-Payment Account leaving a balance of $100,990.88 remaining.

49.     Pursuant to Article 6 paragraph 5 of the Contract, SSNY agreed to refund any remaining funds that had been prepaid by Werner Deconstruction following the completion of work by SSNY.

50.     By letter dated August 10, 2015, Werner Deconstruction demanded that SSNY refund the $100,990.88 balance that was remaining in the Pre-Payment Account.

51.     SSNY breached Article 6 paragraph 5 of the Contract by refusing to refund the $100,990.88 balance that was, upon information and belief, remaining in the Pre-Payment Account.

E.    **SSNY's Failure to Remove Contaminated Tracking Pad.**

52.    In February 2015, SSNY imported a large quantity of stone/gravel to be used as a tracking pad to catch any contaminated debris that fell to the ground while loading trucks to transport debris from the Project.

53.    During the course of its operations at the Project, SSNY contaminated the tracking pad with asbestos containing material s and PCBs.

54.    The tracking pad remained, and continues to remain, in place after SSNY abandoned the Project on June 29, 2015.

55.    Pursuant to Paragraph 1A of the Contract, SSNY agreed that the "Contractor shall provide to Werner all services for the sole purpose of removal from the project site and disposal to an authorized ACM contaminated landfill of building debris and contaminated waste materials ('Debris' or 'Debris Pile') of the demolished power house at the Werner Generating Facility" and that "[t]he Contractor will adhere to and comply with all Federal, State, Local, and OSHA laws, regulations and requirements in the performance of the Work."

56.    By letter dated August 12, 2015, Werner Deconstruction demanded that SSNY remove the stone and gravel that was used as a tracking pad at the Project.  Werner Deconstruction further demanded that SSNY properly dispose of the stone and gravel that had been used as a tracking pad by SSNY during its operations at the Project.

57.    SSNY breached the Contract by refusing to remove stone and gravel that it used as a tracking pad during its operations at the Project.

58.    To date, Werner Deconstruction has incurred approximately $12,500 in costs to perform soil sampling of the tracking pad in order to properly characterize its contaminants.

Werner Deconstruction will incur additional costs to remove the tracking pad from the Project and to properly dispose of it at a properly licensed disposal facility.

59.     Further, as a consequence of SSNY's failure to remove the tracking pad, the duration of the Project was extended causing Werner Deconstruction, Inc. to incur additional general conditions and overhead costs as well as additional interest charges on a Letter of Credit that had been procured by Werner Deconstruction as a performance guarantee for the Project Owner.

60.     As a direct, proximate, and foreseeable result of the aforesaid breaches of contract by SSNY, Werner Deconstruction has been, and continues to be damaged, in an amount to be determined at trial but estimated by Werner Deconstruction to be no less than $500,000.00.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. for compensatory damages, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

## COUNT TWO
### (Specific Performance of Contract)
(As to Defendant SSNY)

61.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

62.     Pursuant to Paragraph 4 of Exhibit A to the Contract, SSNY agreed that it would provide Werner Deconstruction with shipping manifests and other documentation required by the U.S. Environmental Protection Agency (hereinafter the "Debris Manifests") for each load of debris that was removed from the Project and transported to a landfill.

63.     Pursuant to Paragraph 1 of the Contract, SSNY also agreed that it "will generate and obtain all necessary and appropriate documentation required in the performance of the Work as records which shall be turned over to Werner for submittal to the owner of the project site, NRG REMA ('NRG')."

64.     By letter dated August 10, 2015, Werner Deconstruction demanded that SSNY provide the original Debris Manifests for all debris that was removed from the Project and transported offsite to a landfill.

65.     SSNY breached the Contract by refusing to provide Werner Deconstruction with the aforesaid Debris Manifests.

66.     By reason of the foregoing, Werner Deconstruction is entitled to an Order granting specific performance of the Contract compelling SSNY to provide Werner Deconstruction with original versions of the aforesaid Debris Manifests.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. granting specific performance of the Contract, costs of suit, counsel fees and such other relief as the Court deems just and proper.

### COUNT THREE
### (Quantum Meruit)
(As to Defendant SSNY)

67.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

68.     As a result of SSNY's failure to complete its work and to remove the tracking pad from the Project, Werner Deconstruction was required to perform work and to provide additional

services at expenses far greater that what had originally been required by the terms of the Contract.

69.     SSNY knew that Werner Deconstruction, at the time of performance, reasonably expected to be fairly compensated for its work.

70.     SSNY has been unfairly and unjustly enriched to the detriment of Werner Deconstruction.

71.     In light of the foregoing, Werner Deconstruction is entitled to quantum meruit compensation for its uncompensated services provided on behalf of SSNY.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. awarding Plaintiff quantum meruit compensation for the uncompensated services provided by Plaintiff, costs of suit, counsel fees and such other relief as the Court deems just and proper.

## COUNT FOUR
### (Negligence)
(As to Defendant SSNY)

72.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

73.     SSNY owed a duty to Werner Deconstruction not to contaminate the area of the Project where truck loading operations took place with asbestos containing materials and PCBs.

74.     As set forth with particularity in paragraphs 53-55 herein, SSNY breached the aforesaid duty.

75.     As a direct, proximate, and foreseeable result of the breach of the aforesaid duty, Werner Deconstruction has been, and continues to be, damaged.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. for compensatory damages, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

### COUNT FIVE
### (Accounting)
(As to Defendant SSNY)

76.    Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

77.    Pursuant to Article 6 paragraph 6 of the Contract, Werner Deconstruction and SSNY agreed "that an audit will be performed immediately following the completion of the Work to insure [sic] the Work was completed in accordance with this Agreement, all vendor and subcontractors were paid, and the accounts balance out.  If the audit determines that there has been an under or over payment, then the Party owing money shall promptly pay the amount due."

78.    SSNY has refused to permit Werner Deconstruction to perform an audit in accordance with Article 6 paragraph 6 of the Contract.

79.    By reason of the foregoing, Werner is an entitled to an accounting of SSNY's disposal and transport of debris from the Project and its disbursal of funds that had been wired by Werner Deconstruction to the Pre-Payment Account maintained by SSNY.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. ordering an accounting of SSNY's disposal and transport of debris from the Project and its disbursal of funds that had been wired by Werner Deconstruction to the Pre-Payment Account maintained by

SSNY, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

## COUNT SIX
### (Fraud)
(As to Defendant SSNY)

80.    Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

81.    Pursuant to Article 6 paragraph 2 of the Contract, SSNY agreed that it would submit invoices to Werner Deconstruction on a weekly basis and that its invoices would include an estimate of the amount of debris to be loaded and transported for the next week as well as, among other things, the costs that SSNY anticipated would be paid in connection with the disposal of the debris during that week.

82.    Pursuant to Article 6 subparagraph 3 of the Contract, SSNY also agreed that it would submit statements to Werner Deconstruction weekly which would report SSNY's actual costs for the work performed and provide "and an accounting balance sheet and statement from the Landfill Contractor for paid loads, which will include load manifests for the previous week" as aforesaid.

83.    Between February 5, 2015 and May 21, 2015, Paul Desser ("Desser"), an SSNY employee, sent thirteen (13) emails on behalf of SSNY to Werner Deconstruction containing invoices requesting "Pre-Payment for ACM Waste Disposal ON account per Unit Price Agreement" and Microsoft Excel Spreadsheets which reported, among other things, SSNY's "Costs to Date."

84.    On May 15, 2015, Desser on behalf of SSNY sent Werner Deconstruction an email containing an invoice from SSNY for $100,000 and a Microsoft Excel spreadsheet, which

reported that SSNY had incurred "actual costs" of $2,029,877.00 for "Loads as of 5 14 15" and reported that $71,527.96 remained "Unused" in the Pre-Payment Account.

85.    Werner Deconstruction relied on the representations contained in Desser's email and wired $100,000 to the Pre-Payment Account maintained by SSNY on May 18, 2015.

86.    On May 21, 2015, Desser on behalf of SSNY sent Werner Deconstruction an email containing an invoice from SSNY for $100,000 and a Microsoft Excel spreadsheet, which reported that SSNY had incurred costs of $2,115,411.00 for "Loads as of 5 20 15" and reported that $85,993.96 remained "Unused" in the Pre-Payment Account.

87.    Werner Deconstruction relied on the representations contained in Desser's email and wired $100,000 to the Pre-Payment Account maintained by SSNY on May 21, 2015.

88.    When Desser sent the 13 emails, including the emails sent on May 18, 2015 and May 21, 2015, SSNY made misrepresentations and omissions of past and present facts regarding payments made by SSNY to Minerva Enterprises.

89.    Contrary to the representations by SSNY in the aforesaid emails sent by Desser, SSNY had not paid Minvera Enterprises for all of the debris that had been removed from the Project as of May 20, 2015.

90.    Upon information and belief, SSNY had failed to pay Minerva Enterprises $240,704.97 even though it had received sufficient funds from Werner Deconstruction to pay Minerva Enterprises.

91.    SSNY knew that it had not paid Minerva Enterprises.

92.    SSNY intended that Werner Deconstruction rely on the statements contained in Desser's 13 emails, including but not limited to the emails that were sent on May 15, 2015 and May 21, 2015.

93.     Werner Deconstruction did in fact rely on SSNY's statements and omissions, which were made with reckless and careless disregard for their veracity.

94.     SSNY knew that the statements and omissions, which were made with reckless and careless disregard for their truth, would likely conceal its failure to pay Minerva Enterprises and would induce Werner Deconstruction to wire additional funds to the Pre-Payment Account maintained by SSNY.

95.     SSNY knew that Werner Deconstruction would reasonably rely upon the representations contained in the 13 emails that Desser sent, including but not limited to the emails that were sent on May 15, 2015 and May 21, 2015.

96.     SSNY's statements and omissions, which were made with reckless and careless disregard for their veracity, allowed SSNY to continue operating on the Project while it was in breach of Article 6 of the Contract.

97.     SSNY's statements and omissions, which were made with reckless and careless disregard for their truth, directly and proximately caused Werner Deconstruction to incur substantial monetary damages.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. for compensatory damages, punitive damages, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

### COUNT SEVEN
### (Negligent Misrepresentation)
(As to Defendant SSNY)

98.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

99.    As set forth with particularity in paragraphs 84-97, Desser, on behalf of SSNY, sent thirteen (13) emails to Werner Deconstruction, which misrepresented the status of payments made by SSNY for the removal of debris from the Project.  Werner Deconstruction relied on the misrepresentations in the thirteen (13) emails to advance funds to the Pre-Payment Account maintained by SSNY.

100.    SSNY owed Werner Deconstruction a duty to accurately report the status of payments made by SSNY for the removal of debris from the Project.

101.    SSNY breached the aforesaid duty.

102.    As a direct, proximate and foreseeable result of the breach of the aforesaid duty, Werner Deconstruction has been, and continues to be, damaged.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc. for compensatory damages, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

### COUNT EIGHT
### (Conversion)
(As to Defendants SSNY, Garbett and John Does 1-10)

103.    Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

104.    Werner Deconstruction pre-paid SSNY $2,414,904.96 for the removal of debris from the Project.

105.    SSNY has exercised total domination and control over the pre-payments made by Werner Deconstruction for the removal of debris from the Project and has failed to pay Minerva Enterprises $240,704.97 for debris that was removed from the Project as of May 21, 2015.

106.    Upon information and belief, Garbett is the President of SSNY and, therefore, is responsible for every aspect of SSNY's operations.

107.    Upon information and belief, Garbett and John Does 1-10 aided and abetted SSNY in its unlawful conversion of the pre-payments made by Werner Deconstruction.  By email dated May 27, 2015, Desser informed Werner Deconstruction that Garbett "handles the bank, payments, wires in and out, negotiations with Minerva etc…"

108.    On August 10, 2015, Werner Deconstruction demanded, among other things, that SSNY and Garbett pay the $240,704.97 that was owed to Minerva Enterprises, which SSNY had illegally and fraudulently obtained from Werner Deconstruction.  Despite that, Garbett and John Does 1-10 caused SSNY not to pay Minerva Enterprises or return that money to Werner Deconstruction.

109.    Further, Garbett and John Does 1-10, upon information and belief, caused SSNY not to pay the $19,008.00 that was owed to Ani & Joe Abatement, which SSNY illegally and fraudulently obtained from Werner Deconstruction.

110.    SSNY, Garbett, and John Does 1-10 had (and have) no basis or justification for failing to pay Minerva Enterprises or to return the $240,704.97 that SSNY illegally and fraudulently obtained from Werner Deconstruction.  SSNY's, Garbett's, and John Does 1-10's refusal to pay Minerva Enterprises or to return that money to Werner Deconstruction was wrongful.

111.    Werner Deconstruction has suffered damages due to SSNY's conversion of $259,712.97, consisting of amounts that Werner Deconstruction pre-paid directly to SSNY for the removal of the Demolition Debris Pile from the Project and for asbestos abatement services at the Project.

112.     Werner Deconstruction has suffered damages due to Garbett's, and John Does 1-10's actions in aiding and abetting SSNY's conversion of $259,712.97, consisting of amounts that Werner Deconstruction pre-paid directly to SSNY for the removal of the Demolition Debris Pile from the Project and for asbestos abatement services at the Project.

113.     The actions of SSNY, Garbett and John Does 1-10 in engaging in the conversion of the pre-payments made by Werner Deconstruction were willful, wanton, outrageous and shocking to the conscience and provide the basis for an aware of punitive damages against SSNY, Garbett and John Does 1-10.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendants Siteworks Services NY, Inc., Thomas Garbett, and John Does 1-10 for compensatory damages, punitive damages, together with pre-judgment interest, costs of suit, counsel fees and such other relief as the Court deems just and proper.

**COUNT NINE**
(**New Jersey Consumer Fraud Act**)
(As to Defendants SSNY, Garbett and John Does 1-10)

114.     Werner Deconstruction repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

115.     SSNY is a sitework contractor that offers its services to the public through out the New York and New Jersey area.   Werner Deconstruction retained SSNY to provide those services to remove the Demolition Debris Pile from the Project.

116.     The services that SSNY provided to Werner Deconstruction on the Project constitute "merchandise" as that term is defined by the New Jersey Consumer Fraud Act.   See N.J.S.A. 56:8-1.

117.    The actions of SSNY, Garbett and John Does 1-10, including but not limited to the actions set forth with particularity in 84-97 and 105-113, constitute deceptions, frauds, unconscionable commercial practices and misrepresentations in violation of the New Jersey Consumer Fraud Act, <u>N.J.S.A.</u> 56:8-1, <u>et. seq.</u>

118.    The aforesaid actions of SSNY, Garbett and John Does 1-10 were unconscionable, deliberate, and knowing.

119.    Werner Deconstruction has suffered an ascertainable loss as a result of the actions taken by SSNY, Garbett and John Does 1-10.

WHEREFORE, the Plaintiff Werner Deconstruction, LLC demands that Judgment be entered in its favor and against the Defendant Siteworks Services NY, Inc., Thomas Garbett, and John Does 1-10 awarding compensatory damages, together with pre-judgment interest, treble damages for all damages flowing directly and indirectly from Werner Deconstruction's violations, costs of suit, counsel feels and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Werner Deconstruction, LLC hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

Mandatory arbitration pursuant to Local Rule of Civil Procedure 201.1 is not appropriate in this case because the damages sought exceed $150,000.00.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to L. Civ. R. 11.2, I hereby certify that the within action is not the subject of any

other action pending in any Court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Plaintiff,
Werner Deconstruction, LLC


_____/s/ Thomas J. O'Leary_____
THOMAS J. O'LEARY

Date: October 23, 2015