UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WERNER DECONSTRUCTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SITEWORKS SERVICES NY, INC., et al.,<br><br>Defendants. | Civil Action No. 15-7682 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Defendant Siteworks Services NJ, Inc.'s ("SSNJ") Motion to Vacate the Clerk's Entry of Default. (Docket Entry No. 89). Plaintiff opposes SSNJ's Motion. The Court has fully reviewed and considered all arguments raised in favor of and in opposition to SSNJ's Motion. The Court considers the Motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, SSNJ's Motion to Vacate the Clerk's Entry of Default is GRANTED.

**I.      Background and Procedural History**

The Court and the parties are familiar with the facts underlying this case as well as its procedural history. As a result, neither will be restated at length herein. Instead, only those facts most relevant to the pending Motion to Vacate the Clerk's Entry of Default are included.

On December 7, 2018, Plaintiff filed an Amended Complaint that names SSNJ as a defendant. (Docket Entry No. 69). Plaintiff served SSNJ with the Amended Complaint on January 19, 2019, making SSNJ's answer due on February 11, 2019. (Docket Entry No. 84). SSNJ failed to timely respond to Plaintiff's Amended Complaint. As a result, on March 15,

2019, Plaintiff requested that the Clerk enter default against SSNJ, which the Clerk did. (*See* Pl. Request for Default, Docket Entry No. 86; Clerk's Entry of Default of 3/15/2019). In response, on March 25, 2019, SSNJ filed the current Motion to Vacate Clerk's Entry of Default. (Docket Entry No. 89). As noted above, Plaintiff opposes SSNJ's Motion.

## II.     Legal Standard

Pursuant to FED.R.CIV.P. ("Rule") 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, the Court may vacate the entry of default. *See* Rule 55(c). The decision to set aside a clerk's entry of default "'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" In deciding whether there is good cause to vacate the entry of default, courts examine: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Because default is consider an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Id*.

## III.     Discussion

The Court considers the aforementioned factors as well as the preference for cases to be decided on their merits in determining whether to vacate default as requested by SSNJ. The threshold question for the Court is whether SSNJ has a meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on

2

trial, would constitute a complete defense to the action.'" *United States of America v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, the Court finds that SSNJ has a meritorious defense. First, SSNJ disputes Plaintiff's ability to pierce SSNY's corporate veil. Second, even if Plaintiff is able to do so, SSNJ argues that Plaintiff cannot establish its liability both because the contracts at issue purportedly do not provide for the payments to subcontractors alleged by Plaintiff and because, regardless, SSNJ "has played no part and was not involved in the events this action is about[,]" including not receiving any money properly payable to Plaintiff. (Def. Br. at 3, 4; Docket Entry No. 89-1). Indeed, SSNJ argues that Plaintiff has failed to find any transactions involving funds going from SSNY to SSNJ. (*See* Def. Reply at 4; Docket Entry No. 92). If true, these arguments would provide SSNJ with a complete defense to Plaintiff's claims. Therefore, the Court finds that SSNJ has a meritorious defense.

Next, the Court considers whether Plaintiff will suffer prejudice if the entry of default is vacated. SSNJ filed the present Motion on March 25, 2019, less than two weeks after Plaintiff requested and the Clerk entered default, and just over a month after its Answer was due. (Docket Entry No. 89). Notably, delay in the adjudication of a claim "rarely serves to establish the degree of prejudice" sufficient to warrant the denial of a motion to vacate an entry of default. *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982); *New Jersey Right to Life Committee, Inc. v. New Jersey Republican Profile Coalition*, Civil Action No. 05-5443 (DMC), 2006 WL 2252375, at *2 (D.N.J. Aug. 7, 2006). Here, the Court finds that Plaintiff will not be prejudiced if default is vacated. Not only is the delay here minimal, but discovery is ongoing. Further, regardless of whether SSNJ is allowed to proceed, this action will continue as to its codefendants. Under these circumstances, the Court is not persuaded that Plaintiff will suffer any

prejudice if default is vacated and this matter, including SSNJ's defense, is allowed to proceed on the merits.

Third, the Court considers whether the entry of default was a product of SSNJ's culpable conduct. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Negligence is insufficient. Instead, there needs to be a knowing or, at least, "[r]eckless disregard for repeated communications from plaintiffs and the court[.]" *Id*. at 1183. Despite Plaintiff's claims to the contrary, the Court finds that SSNJ's failure to timely answer did not result from its culpable conduct. While SSNJ was certainly aware of these proceedings, it did not knowingly or recklessly disregard its need to participate. Instead, SSNJ argues that its failure to answer, move or otherwise respond to Plaintiff's Amended Complaint within the time prescribed was due to the fact that it had not been operational for a substantial period, and deciding whether to mount a defense and fund counsel required time to consult with shareholders. (*See* Def. Reply at 4). While the better course of action would have been for SSNJ to have sought an extension of time to answer, there is no persuasive evidence that its failure to act timely resulted from willfulness or bad faith. As a result, the Court finds that the entry of default, here, cannot be attributed to any "culpable conduct" on SSNJ's part.

Under these circumstances, especially when considering the preference that civil actions be decided on their merits, the Court finds good cause under Rule 55(c) to vacate default. SSNJ's Motion to Vacate the Clerk's Entry of Default is therefore GRANTED. SSNJ is directed to answer, move or otherwise respond to Plaintiff's Complaint within two weeks of a decision on the pending Motion to Withdraw (Docket Entry No. 94).

Dated: July 18, 2019

    s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**