UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WERNER DECONSTRUCTION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SITEWORKS SERVICES NY, INC., *et al.*<br><br>*Defendants*. | Civil Action No.:<br>3:15-cv-07682 (PGS)(TJB)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion to dismiss by *pro se* Defendant Mr. Thomas K. Garbett ("T.K. Garbett") (ECF No. 276). In this matter, the Court bifurcated the Counts in the Second Amended Complaint, holding a jury trial on Counts One through Seven and Count Nine. At a trial by jury, the jury found, *inter alia*, that Werner had proven by a preponderance of the evidence that Siteworks Services New York ("SSNY") had breached the Debris Removal Services Agreement—the agreement outlining the work between the parties in this case; and that SSNY had fraudulently misrepresented facts to induce payment from Werner. (ECF No. 246). The jury awarded Plaintiff $1,154,115.00 in damages and punitive

1

damages in the amount of $300,000.00. (ECF No. 349). Then, the Court held a bench trial on the remaining questions of law, including the question of whether the corporate veil of several corporations—including SSNY—can be pierced. This motion to dismiss was filed on the eve of the bench trial of the second phase of this trial.

Prior to commencing the bench trial, the Court heard arguments on this motion and other motions *in limine* on May 7, 2024. After hearing arguments, the Court held an evidentiary hearing on the question of T.K. Garbett's contacts with the State of New Jersey to determine whether its exercise of jurisdiction was appropriate. (1T10:11–14)[1]. The Court reserved its decision until the conclusion of trial. T.K. Garbett filed an additional motion on June 3, 2024 (ECF No. 290); this motion includes accusations of misconduct. These allegations are subject of separate motion practice. Therefore, the Court addresses only the May 6, 2024 Motion to Dismiss herein. (ECF No. 276).

In the Motion presently before the Court, T.K. Garbett seeks dismissal on the following grounds: dismissal for lack of personal jurisdiction; dismissal of the action in the interest of justice pursuant to Texas Rule of Civil Procedure 91(a); and dismissal for lack of diversity jurisdiction.

---

[1] May 7, 2024 Evidentiary Hearing Tr. (hereinafter, "1T").

In response to this motion to dismiss, Plaintiff Werner Deconstruction ("Plaintiff" or "Werner") opposes this Motion, arguing that (1) T.K. Garbett waived his objections to personal jurisdiction; that (2) T.K. Garbett has the requisite minimum contacts with the New Jersey; and that (3) T.K. Garbett was involved with the project underlying this litigation at the Werner Deconstruction Site. Plaintiff argues this thus renders the exercise of personal jurisdiction over T.K. Garbett appropriate.

For the reasons below, the Court denies T.K. Garbett's motion to dismiss because the Court has jurisdiction over T.K. Garbett.

## I.

In order to determine the question of personal jurisdiction, the Court held an evidentiary hearing prior to the bench trial. The Court reserved on the question of personal jurisdiction as to T.K. Garbett until after the conclusion of trial.

At the evidentiary hearing, T.K. Garbett testified that he never worked on the Werner Deconstruction Site. He stated:

> I got hurt on – the exact date was September 27, 2014. I was over in a school called Wappingers High School. And I was asked to take some pictures, even though I was retired, and I did, and I said to one of the workers, "Make sure the piece is in that hook until I finish these pictures of the products."

3

(1T16:25–1T17:19). T.K. Garbett testified that this high school is located in New York. Although T.K. Garbett testified that he was not a signatory to the Debris Services Removal Agreement—the contract governing the underlying demolition and removal that is at the subject of this litigation (hereinafter, the "Werner Project") —T.K. Garbett testified that he had a relationship with SSNY, one of the signatories to the contract. (1T22:22–24). T.K. Garbett offered conflicting testimony regarding the control of SSNY, stating sometimes that he never gave up control of SSNY and other times that he "guess[es]" that he did. (1T25:12–15 *compare with* 1T28:7–9 ("Q: You never gave up control of SSNY. Right?" "A. When I retired I guess I did. I don't know.")).

Additionally, T.K. Garbett testified that he owns a parcel of property located in Newark, New Jersey where he parks trucks and upon which he pays taxes. (1T23– 1T24). T.K. Garbett testified that, with respect to the trucks at the property, he would "have to look at the registrations on the trucks" to see if they were owned by SSNY. (1T25:25–1T26:4).

During the course of the Werner Deconstruction Project, T.K. Garbett testified that he regularly visited the site—stating that he estimated that he had visited the work site "while they were ripping [it] down" around "thirty times." (1T27:17–20). He further testified "I would go down in my car, watch—when they were about to pull a section and I took pictures. Yeah, I'd take pictures of it. You know, that's all

4

I would do." (1T27:21–23). T.K. Garbett also testified that he was sent over to the project site to take photos by a representative of Plaintiff Werner Deconstruction, Malcolm Carroll. (1T30:3–15).

There was also testimony that T.K. Garbett assisted his son, Thomas A. Garbett ("T.A. Garbett"),[2] with various aspects of business management related to the matter underlying this litigation. T.K. Garbett further testified that he deposited checks on behalf of the project. (1T29:10–11). This was because T.A. Garbett possesses a medical condition which required that he "bring[] in personnel to run a job and do paperwork." (1T42:18–1T43:11). This work included reading or signing business documents due to his son's medical condition. (*Id.*).

## II.

Federal Rule of Civil Procedure 4(e) authorizes federal courts to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs.*, Inc., 149 F.3d 197, 200 (3d Cir.1998). New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)

---

[2] During the relevant project timeperiod underlying this litigation, Thomas A. Garbett was an officer of SSNY. (May 7, 2024 Trial Transcript at T133:1–10).

5

(internal citations omitted). Therefore, the key inquiry on a motion to dismiss for lack of personal jurisdiction is whether, under the Due Process Clause, "the defendant has certain minimum contacts with ... [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with a forum state before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant; these contacts would provide the defendant "fair warning" that he might be sued there. *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299–300 (3d Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Personal jurisdiction may be general or specific; "[g]eneral jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Generally, general jurisdiction for an individual defendant is more appropriate for a defendant in their state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction, on the other hand, requires a court to conduct a three-part inquiry:

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted). "Specific jurisdiction permits the exercise of personal jurisdiction over non-resident defendant only if the plaintiff's claims 'arise out of or relate to' the defendant's forum contacts." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

### III.

### a. Personal Jurisdiction

As a preliminary matter, the Court agrees with T.K. Garbett that he did not waive his jurisdictional objections. In T.K. Garbett's Answer to the Second Amended Complaint, he specifically stated: "Defendant Thomas K. Garbett has no contract or dealing with Werner Deconstruction LLC. Defendant Thomas K. Garbett has no minimum ties to the state and jurisdiction by Plaintiff making conclusory statements is not proper." (ECF No. 90 at ¶ 11). Although far from an eloquent recitation of jurisdictional objection, T.K. Garbett is *pro se*; such language preserves his jurisdictional objections. Even so, T.K. Garbett's arguments that the Court does

7

not have personal jurisdiction over him fall short.[3] The Court does not have general jurisdiction over T.K. Garbett, who purportedly resides somewhere in New York. Therefore, the Court examines if it has specific jurisdiction over T.K. Garbett under the three-part test set forth by the Third Circuit.

First, the Court looks to whether defendant purposefully directed his activities at the forum. Although T.K. Garbett testified that he did not sign the Debris Services Removal Contract and did not work on the Werner Project because he was unable to do so due to the accident he sustained at Wappingers High School in September 2014, there was extensive testimony at the evidentiary hearing on May 7, 2024 suggesting otherwise; specifically, there was testimony suggesting that T.K. Garbett was professionally or administratively involved in one form or another in the events underlying this litigation.

For example, T.K. Garbett testified that he had a relationship with SSNY. Specifically, he testified that SSNY was formed by a "Mr. Dubrof" and himself. (1T22:25–T23:6). T.K. Garbett also offered conflicting testimony as to whether or not he gave up control of SSNY, sometimes stating that he controlled it and at other

---

[3] T.K. Garbett appears to argue that personal jurisdiction in this matter is governed by the laws of Texas given the choice of law provision within the Debris Services Removal Agreement. (*See* ECF No. 276 at ¶ 4). Personal jurisdiction is not a contractually based doctrine and cannot be contracted away. As such, this argument is without any basis.

times, stating that he was not sure. (1T25:12–15 *compare with* 1T28:7–9). And while T.K. Garbett testified that he was "never on [the Werner Site]," he also testified to the contrary. Indeed, T.K. Garbett testified that he repeatedly went to the Werner Generating plant site during the period of time relevant to this matter. T.K. Garbett testified that he went over to the project site "lots of times when they were pulling down the buildings . . . because it was something to see." (1T26:22–24). T.K. Garbett testified that he visited the site "probably thirty times." (1T27:20). T.K. Garbett testified that he watched demolitions from his car and took pictures. He further testified that he did this at the direction of a Werner representative, Malcom Carroll. This prong of the jurisdictional analysis is satisfied.

Second, to exercise specific jurisdiction over an individual, a litigation must arise out of or relate to at least one of those activities. Here, the causes of action underlying this litigation relate to T.K. Garbett's activities in the State of New Jersey. The activities to which T.K. Garbett testified relate directly to the piercing of the corporate veil; in New Jersey, piercing the corporate veil is shown by the following elements: "(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Bd. of Tr. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002). T.K. Garbett's interactions—particularly as they relate to

his involvement in signing business documents and handling and depositing checks related to the Werner Project—show a purposeful direction of T.K. Garbett's activities to the State of New Jersey. The activities of collecting or depositing checks, taking photos of the worksite, visiting the worksite as work was conducted, and reading or signing business documents on behalf of an officer of SSNY have a bearing upon the causes of action subject to the Bench Trial.

Third, the Court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted). This exercise of the Court's jurisdiction comports with ideas of fair play and substantial justice given T.K. Garbett's extensive contacts with the worksite. Further, the Court believes its decision to exercise of jurisdiction over T.K. Garbett comports with ideas of fair play and substantial justice further because T.K. Garbett testified that he owns property in the State of New Jersey and pays taxes in the state of New Jersey; although the Court recognizes that the drive from New York State is lengthy, this drive does not create an injustice. Accordingly, T.K. Garbett has purposefully availed himself of the benefits of New Jersey, and T.K. Garbett has the requisite minimum contacts with the state of New Jersey to render the exercise of jurisdiction over him fair. *Int'l Shoe Co. v. Washington*, 436 U.S. 310, 316 (1945).

T.K. Garbett's remaining challenges also fail. First, T.K. Garbett argues that the subject matter jurisdiction of this Court is improper. This argument is without merit; the Court notes that there is complete diversity in this matter. The amount in controversy is more than $75,000. There is also complete diversity between the parties. Werner Deconstruction is a limited liability company with its principal place of business in Houston, Texas. No Defendant in this matter is from Texas. Indeed, as recited in the Second Amended Complaint, T.K. Garbett, Thomas A. Garbett, Yvonne Garbett, Siteworks Services Corp., and SSNY, were all residents of the State of New York at the beginning of this litigation. (ECF No. 69). Siteworks Services New Jersey ("SSNJ") was a resident of the state of NJ. Thus, the argument that the Court lacks subject matter jurisdiction over this matter is without merit. *See* 28 U.S.C. § 1367(a).

Additionally, T.K. Garbett argues briefly in his motion that there has been insufficient service of process upon him. Plaintiff disagreed, noting in its reply letter a lengthy recitation of the evasions of service of process that occurred in this matter. (ECF No. 79). The Court finds this description of events to be credible. In the Court's own communications with the Defendants, contact has proven itself exceedingly difficult. Most importantly, however, the issue of service of process has already been addressed by the Court. Judge Bongiovanni in her February 14, 2019 Order stated: "the Court finds that T.K. Garbett has been appropriately served in

compliance with New Jersey Court Rules, which also satisfies the service requirements set forth in FED.R.CIV.P. 4(e)(1)" (ECF No. 79). Accordingly, this argument is without merit.

For all of these reasons, this motion is denied.

## ORDER

**IT IS** on this 20 day of **June, 2024**,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 276) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.